LORRAINE MANUFACTURING COMPANY *vs.* JAMES APPOLONY.

DECEMBER 20, 1946.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This is a petition by the employer, under general laws 1938, chapter 300, article III, §13, to review an agreement made by the parties under the workmen's compensation act, hereinafter referred to as the act, providing for the payment of compensation to the respondent. The cause is before this court on respondent's appeal from the entry in the superior court of a final decree by which he considers himself aggrieved.

It appears from the evidence that on July 19, 1943 the respondent, then in the employ of the petitioner as a working foreman, received a sprain in the sacroiliac area, which injury arose out of and in the course of his employment.

On October 24, 1943 the parties entered into an agreement, duly approved by the director of labor, which provided that the respondent was to receive $20 per week, commencing July 20, 1943, for the duration of total disability or until such payment was otherwise terminated in accordance with the provisions of the act.

The petition in the instant case alleges that the employee has ceased to be totally incapacitated; that he is suffering partial incapacity, if any; and that, although employment had been offered him, he has refused to accept the same and insists upon the payment to him of weekly compensation based upon total incapacity. Following a hearing on this petition in the superior court, the trial justice found, among other things not material here, that the respondent was no longer permanently disabled as a result of his injury; that he was able to do work not involving stooping or lifting heavy weights; and that the petitioner had offered to the respondent work of that character. Upon those findings of fact he made the following order and a final decree in accordance therewith was duly entered: (1) That the respondent was not then entitled to compensation for total disability; (2) that if the respondent accepted the petitioner's offer of employment, he would be entitled to partial disability payments if the wages earned by him during such period did not equal the average wage at the time of his accident, such partial disability payments to be computed under art. II, §11 of the act; and (3) that in case the respondent did not see fit to accept petitioner's offer of employment within ten days of such offer, compensation was to cease.

The respondent raises two questions for our determination, namely, whether there is legal evidence to support the finding of the trial justice that he is now only "partially incapacitated and, if he is, has he been offered light work which he can do?" The determination of each of these questions depends upon the evidence appearing in the record under examination. We are, however, precluded by the act from

disturbing the decision of the trial justice, if there is any legal evidence to support his findings of fact.

Was there any legal evidence before the trial justice that the respondent's condition had changed from total to partial incapacity? The answer to this question depends almost entirely upon the medical evidence in the case. There was testimony from doctors in court and also other such testimony in medical reports, including one from an impartial examiner, which were allowed in evidence by agreement of the parties.

It is needless to refer to the medical testimony in any detail, for *all* the doctors agree that while the respondent had not recovered from his injury, he was able to do light work which did not require stooping or lifting heavy weights. Doctor Gerald J. Curreri, who treated the respondent since the accident, testified in direct examination that the respondent's condition had improved and that he "might be able to do light work, of a nature that wouldn't require him to stoop or bend, or do any lifting." In cross-examination he testified as to the respondent: "I don't say he is crippled. I say he can do something, be active in certain ways. He wouldn't be able to work if he had to lift or bend."

The respondent testified, among other things, that he was able to and did drive an automobile; that he drove his daughter to school and his wife to work every morning; that he walked the streets; and that, in 1945, he sold three oil burners to relatives. When this testimony is fairly considered in connection with the unanimous opinion of the doctors as above indicated, there was ample legal evidence to support the trial justice's finding that the respondent was able to do light work not involving stooping or lifting heavy weights. Respondent's testimony is reasonably open to the inference that he apparently is unduly apprehensive lest employment of any kind aggravate his present improved physical condition; but all the medical evidence is to the contrary and indicates that he is now able to engage in work of the kind described in that evidence. In these circum-

stances it seems to us that the respondent should at least make a reasonable effort to rehabilitate himself.

The second question raised by the respondent is whether he can find work suitable to his condition. The record shows that prior to the hearing in the superior court the petitioner offered to employ the respondent at lighter work, the exact nature of which is not clear in the evidence. This offer was rejected by the respondent for the reason that in his opinion it entailed some considerable lifting. At the hearing in the superior court, however, the petitioner, acting through its counsel and in open court, offered to furnish respondent with "a job which he is capable of doing, within his physical limitations."

The respondent contends that the petitioner's last offer of a job was not specific enough and that he, according to his testimony, would only accept a job of a purely supervisory character "in a room where I would not have to do too much walking, and I could sit down. I want The Court to understand I cannot sit down too long, I cannot stand up too long." Respondent's counsel in his argument before us further suggested that such offer by the petitioner might be a mere subterfuge for some ulterior purpose. A fair consideration of the evidence precludes any such apprehension.

If respondent will cooperate and try to do the work required by the job that the petitioner has offered him, he can help materially in determining the compensation, if any, that he should receive because of his partial disability. In this connection, we are of the opinion that the portion of the decree hereinbefore identified by us as paragraph (2) should be modified and provide that the petitioner shall furnish respondent "a job which he is capable of doing, within his physical limitations"; that the respondent shall accept the same; and that he will then be entitled to receive compensation for partial disability, if any, in accordance with the act and until such order is changed according to law.

The appeal of the respondent is sustained, the decree ap-

pealed from is modified in part, and the cause is remanded to the superior court for the entry of a decree in accordance with this opinion.

*Sisson, Fletcher, Worrell & Hodge, Paul H. Hodge,* for petitioner.

*Albert N. McKendall,* for respondent.